UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

ISAAC D. MOSLEY,

    Plaintiff,

v.

DAVID BREWER, et al.,

    Defendants.

Civil Action No. 7: 25-001-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Isaac Mosley has filed a *pro se* complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] He has also filed a motion to proceed *in forma pauperis*, [R. 2], a motion to appoint counsel, [R. 4], and a motion to amend his complaint, [R. 7]. This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. § 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

As a threshold matter, Mosley's motion to proceed *in forma pauperis* is deficient. Mosley filed a statement of his inmate account, but it is not certified by an appropriate prison official. It therefore fails to comply with the requirements of 28 U.S.C. § 1915(a)(2).

Further, Mosley acknowledges that he did not complete the administrative remedy process, abandoning it after he was transferred to another prison. *See* [R. 1 at 5] That is not permitted: a transfer to another prison does render the administrative remedy process unavailable if further administrative review is not foreclosed. *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011) ("Generally, the transfer of a prisoner from one facility to another does not render the grievance procedures at the transferor facility 'unavailable' for purposes of exhaustion.") (cleaned up; *quoting Blakey v. Beckstrom*, No. 06–163–HRW, 2007 WL 204005, at \*2 (E.D.Ky. Jan. 24, 2007)). Here, the Federal

Bureau of Prisons expressly permits a transferred inmate to file an appeal with the regional office with oversight responsibility over the prison where the inmate is located following transfer. *See* BOP Program Statement 1330.18 § 9(c) (Jan. 6, 2014). Mosley was therefore required to file an appeal, which he admits he did not do. Dismissal without prejudice for failure to exhaust administrative remedies is therefore appropriate. 42 U.S.C. § 1997e(a).

Mosley also attached to his complaint a Form BP-AO943, *Small Claims for Property Damage or Loss (31 U.S.C. § 3723)*, dated October 7, 2024. *See* [R. 1-1 at 8-9] However, that provision is designed only to compensate for the loss of **tangible** personal property in an amount up to $1,000.00. In any event, Mosley asserted no claim under this provision in the complaint. Even if he had, the denial of a claim under Section 3723 does not provide the basis for a civil claim. *Moler v. Potter*, No. 20-5579, 2020 WL 9886297, at *2 (6th Cir. Dec. 30, 2020) ("... § 3723 does not provide a mechanism for judicial review."). Mosley may have intended to use the form to request administrative settlement from the BOP under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.* Even if the BOP were generous enough to so construe it, such a claim would fail in this Court for two reasons. First, Mosley did not sue the United States as required. *See Mynatt v. United States*, 45 F.4th 889, 894 n.1 (6th Cir. 2022). Second, he sued too soon: the government is entitled to six months to respond to a request for administrative settlement. *See* 28 U.S.C. § 2675(a). That date has not yet passed, and Mosley does not allege that the government has already denied his request. The Court therefore could not entertain a FTCA claim at this time. *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008).

Although the Court does not so hold at this juncture, Mosley's *Bivens* and other claims would otherwise be subject to dismissal *with* prejudice. Much of the relief he seeks, *see* [R. 1 at 8], is wholly unavailable in this civil proceeding. The Court lacks the authority to file federal criminal charges against a person; that authority rests with the United States Attorney General. *See* 28 U.S.C. § 547. Similarly, only the BOP and its designees have the authority to terminate the employment of its

officers. And Mosley can only seek release from confinement or a less-restrictive form of custody in a habeas corpus proceeding, not a civil rights case. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Finally, Mosley's request for money damages fails twice over. He lacks any liberty interest protected by the Due Process Clause in confinement in a particular prison. *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) ("a prisoner does not have a constitutional right to be placed in a specific security classification.") (*citing Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)); *Martinez v. United States Bureau of Prisons*, 830 F. App'x 234, 235 (9th Cir. 2020) (*citing Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Even if Mosley could state a viable claim for violation of his constitutional rights, in light of the narrow scope of the *Bivens* remedy as discussed in *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017), no claim for damages would lie. *Cf. Teryaeva-Reed v. Peters*, No. 24-CV-03910-JSW, 2024 WL 3540442, at *2 (N.D. Cal. July 24, 2024) ("Plaintiff has cited no authority, nor is the Court aware of any, extending the *Bivens* remedy to prison-transfer claims, or that such claims may satisfy the analytic framework prescribed by *Ziglar* ...").

Accordingly, it is **ORDERED** as follows:

1. Mosley's complaint [R. 1] is **DISMISSED** without prejudice.

2. All pending motions are **DENIED** as moot.

3. This matter is **STRICKEN** from the docket.

Entered: January 17, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

3